**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERNEST C. GRAHAM, | DOCKET NUMBER |
| Appellant, | DC-0752-17-0577-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: February 29, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Branch, Esquire, Washington, D.C., for the appellant.

Bridget Karns, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Prior to his removal, the appellant was employed by the agency as a Utility Systems Repair Operator at the Washington Navy Yard. Initial Appeal File (IAF), Tab 1 at 1. On August 15, 2016, the agency issued its decision to suspend the appellant indefinitely based on reasonable cause to believe a crime had been committed for which imprisonment may be imposed.[2] IAF, Tab 3 at 93-96. In November 2016, a Superior Court judge in Washington, D.C., acquitted the appellant of the crime of "attempted threats." IAF, Tab 15 at 21, 33. On December 8, 2016, the agency proposed his removal based on the following charges: (1) sleeping on duty on six different incidents between February and April 2016; (2) falsification of log sheets on February 15, 2016, when he filled out the log sheets without first checking the readings on the boiler equipment; and (3) inappropriate comments to his coworker on April 18, 2016, implying physical harm to both his coworker and his supervisor while using expletives and references to race. IAF, Tab 3 at 61-65. On May 4, 2017, the agency issued a decision letter on its proposed removal, sustaining the charges and finding that removal was an appropriate penalty. IAF, Tab 3 at 19-24.

---

[2] The appellant's indefinite suspension is the subject of a previously filed and separately adjudicated appeal, *Graham v. Department of the Navy*, MSPB Docket No. DC-0752-16-0889-I-1.

The appellant filed this appeal of his removal with the Board. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 22, Initial Decision (ID) at 8. She found that the agency proved all three charges. ID at 4-6. She further found that the agency's action promoted the efficiency of the service and removal was a reasonable penalty for the sustained charges. ID at 6-7. The administrative judge also concluded that the appellant did not prove his affirmative defenses of discrimination on the basis of age, race, and retaliation for prior Equal Employment Opportunity (EEO) activity.[3] ID at 8; IAF, Tab 19 at 2-10.

The appellant timely filed a petition for review, challenging the administrative judge's findings that the agency proved its charges and the reasonableness of the penalty imposed. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge made proper credibility findings based on the hearing testimony and record evidence.

In sustaining the charges, the administrative judge credited the testimony of a coworker, who testified as to the conduct underlying the appellant's removal, over the appellant's denials. ID at 2-6. On review, the appellant disputes the credibility-based findings of the administrative judge. PFR File, Tab 1 at 6-8. We are not persuaded.

The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observation of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*,

[3] The appellant does not challenge the administrative judge's finding regarding his affirmative defenses on review. Because the administrative judge's finding—that the appellant failed to prove that his age, race, and EEO activity were a motivating factor in his removal—is unchallenged on review, we need not reach the question of whether the appellant's age, race, or EEO activity was a "but-for" cause of the removal action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge correctly resolved the credibility determinations in accordance with *Hillen*.[4] She identified the factual questions in dispute, summarized the agency's charges, and then analyzed the evidence that the parties offered with respect to the charges. ID at 2-6. The administrative judge then stated that she believed the appellant's coworker's version and explained why she found the appellant less credible. *Id.*

As to the sleeping on duty charge, the administrative judge found credible the testimony of the appellant's coworker that he had personally observed the appellant sleeping on duty on multiple occasions, which was corroborated by photographs he took of the appellant sleeping at work. ID at 2-4; IAF, Tab 17 at 36-38, 42, Tab 18 at 4-13, 15-16. In contrast, the administrative judge did not find credible the appellant's testimony that he was "merely resting" or avoiding his coworker. ID at 3. On review, the appellant alleges that the administrative judge improperly found his coworker's testimony more credible than his. PFR File, Tab 1 at 6. In support of this argument, he argues that his coworker testified that he could not remember the specific dates on which he took the photographs allegedly portraying the appellant sleeping on duty. *Id.* However, in making her credibility determinations and weighing the evidence, the administrative judge acknowledged that during the hearing the coworker could not recall the specific dates the photos were taken but that he testified that the photos could be identified by the date on his phone and he had previously provided that information to the investigator. ID at 3. While the photos provided by the agency do not reflect the dates each was taken, the accompanying documents

---

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as (1) the witness's opportunity and capacity to observe the event or act in question; (2) his character; (3) any prior inconsistent statement by the witness; (4) his bias, or lack of bias; (5) the contradiction of his version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of his version of events; and (7) his demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

confirm it was during the February to April 2016 time period in question, specifically an email in the record reflects that the appellant's supervisor received three of the photos on or before April 27, 2017. IAF, Tab 17 at 34-38, 42. To the extent that the appellant is questioning whether he was asleep on the specific dates alleged in the proposed removal, we are not persuaded. An agency is required to prove only the essence of its charge; it need not prove each factual specification supporting the charge. *Oates v. Department of Labor*, 105 M.S.P.R. 10, ¶ 9 (2007). Given the administrative judge's explicit demeanor-based findings, we find that the appellant has failed to provide a sufficiently sound reason to disturb her findings that the agency proved its first charge. *See Haebe*, 288 F.3d at 1301.

For the falsification charge, the appellant alleges that the administrative judge improperly relied on his coworker's testimony in sustaining this charge and "baldly stated" that she did not find the appellant credible. PFR File, Tab 1 at 6. We are not persuaded. The administrative judge credited the appellant's coworker, as supported by his corroborating video evidence, that the appellant stated he could "predict" the boiler readings and therefore did not actually need to check the boiler. ID at 4; IAF, Tab 4. In finding the appellant's excuses less credible, the administrative judge observed that he offered varying explanations between the video recording, his written reply to the proposed removal, and his hearing testimony. ID at 4-5. For example, in the video the appellant stated he could "predict" the readings and did not need to check the boiler, IAF, Tab 4, while in his written reply to the proposed removal he claimed that he "may have been trash talking or bantering" with his coworker, IAF, Tab 3 at 36, and during the hearing the appellant testified both that most of the readings of the boiler equipment stay the same if the weather and temperature do not change and that he had recorded the readings on a small slip of paper that could not be seen in the video, IAF, Tab 21, Hearing Compact Disc (HCD) (testimony of the appellant).

The appellant's argument on review does not provide a basis to disturb the administrative judge's findings.

Finally, for the inappropriate comments charge, the appellant asserts that the underlying conduct, including the video recording of the incident, formed the basis of an attempted threats criminal charge. PFR File, Tab 1 at 7-8. He states that he was acquitted of the attempted threats charge and, as a result, his coworker is now of questionable credibility. *Id*.[5] We disagree.

The criminal judge did question the appellant's coworker's credibility during the trial of the "attempted threats" charge but it was regarding the issue of whether he felt threatened by the appellant. IAF, Tab 15 at 28-29. Here, the agency did not charge the appellant with "attempted threats" but with "inappropriate comments." IAF, Tab 3 at 62.[6] A general charge such as this one has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (reaching the same conclusion as to charges of "conduct unbecoming" and "improper conduct"). Notably, the appellant does not dispute that he made the comments at issue here. PFR File, Tab 1 at 7.

While the administrative judge properly credited the testimony of the appellant's coworker as to his conversation with the appellant, she also relied on

---

[5] The appellant also alleges that the administrative judge "unfairly disregarded" the fact that he was previously acquitted of the attempted threats criminal charge. PFR File, Tab 1 at 8, Tab 15 at 20-34. To the extent the appellant is arguing that acquittal of the criminal charge warrants not sustaining the inappropriate comments charge at issue in this adverse action, we disagree. A criminal acquittal is not binding in a subsequent civil action due to the differing standards of proof. *Rodriguez-Ortiz v. Department of the Army*, 46 M.S.P.R. 546, 548 (1991).

[6] Because the agency charged the appellant with inappropriate comments, rather than with making a threat, the agency was not required to prove that the appellant made a threat under the test set forth in *Metz v. Department of the Treasury*, 780 F.2d 1001, 1002-03 (Fed. Cir. 1986), but could instead consider the threatening nature of the appellant's comments in determining the penalty. *E.g.*, *Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 12 n.2 (2013).

the April 18, 2016 video of the incident which was recorded by the coworker and corroborated his testimony. ID at 5-6; IAF, Tab 4. She did not credit the appellant's testimony that his comments were just "trash talk" and that vulgar language was common at the boiler plant. ID at 6. She found the comments inappropriate, not because of the appellant's use of obscenities, but because the appellant made comments about killing his coworkers, especially in light of the Navy Yard shooting that took place in September 2013. ID at 5-6. We find that the appellant has failed to provide a sufficiently sound reason to disturb these credibility determinations. *See Haebe*, 288 F.3d at 1301.

As to all three charges, the appellant also alleges that the administrative judge erroneously failed to credit the corroborating testimony of a different coworker who was also a work leader. PFR File, Tab 1 at 8. During the work leader's 10 minutes of testimony, he testified generally to working with the appellant and the appellant's coworker but did not testify regarding the specifics of the underlying conduct at issue in this appeal. HCD (testimony of the work leader). The administrative judge's failure to discuss testimony does not mean that she did not consider it. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 14 (2014). Moreover, the content of the work leader's testimony does not change the outcome here. For example, he testified that there is a lot of "shop talk" at work but did not offer testimony regarding the inappropriate comments charge itself. HCD (testimony of the work leader). Nor did he offer testimony regarding the sleeping on duty or falsification of log sheets charges. *Id.* Thus, the administrative judge properly found that the agency proved its charges and sustained the removal action.

<u>The administrative judge correctly found that the agency met the nexus requirement and that the penalty of removal was reasonable.</u>

The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse

action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd per curiam*, 522 F. App'x 913 (Fed. Cir. 2013). The administrative judge found that there was a nexus between the appellant's misconduct and the efficiency of the service. ID at 6. The appellant does not challenge this finding, and we discern no basis for disturbing it.

On review, the appellant alleges that his removal should have been mitigated to "a warning or, at most, a modest suspension." PFR File, Tab 1 at 9. Specifically, he argues that he was a long-time Federal employee, his only prior discipline was a 10-day suspension, and that he was a good worker with an exemplary work performance. *Id.* When, as here, all the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.[7] *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

As the administrative judge observed, the deciding official considered aggravating factors, including the appellant's prior discipline, the deciding official's loss of confidence in the appellant's ability to carry out his duties, the appellant's higher level of responsibility as a work leader, his failure to accept responsibility for his misconduct, and his disregard for safety and the mission of the agency, in reaching his decision that removal was the proper penalty. ID at 7;

---

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

IAF, Tab 3 at 21-23, 25-33. Further, the deciding official specifically took into consideration mitigating factors, such as the appellant's years of Federal service and prior performance record, but determined that it did not overcome the gravity of the charges. IAF, Tab 3 at 23. He also considered whether the removal could have been mitigated but determined that "lesser actions have been executed in the past and they do not seem to have adjusted the employee's behavior." *Id.* at 32-33.

In light of the above, we agree with the administrative judge that the deciding official correctly weighed the relevant *Douglas* factors, and that the penalty of removal was reasonable. *See Christopher v. Department of the Army*, 107 M.S.P.R. 580, ¶¶ 21-22 (finding that the penalty of removal did not exceed the bounds of reasonableness when the employee was charged with falsification of Government documents and inappropriate comments in the workplace which were violent in nature), *aff'd*, 299 F. App'x 964 (Fed. Cir. 2008); *Washington v. U.S. Postal Service*, 35 M.S.P.R. 195, 200 (1987) (finding that the penalty of removal for a single incident of sleeping on duty did not exceed the bounds of reasonableness when the employee had received prior discipline for similar offenses only a short time before).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

*Gina K. Grippando*

FOR THE BOARD:      _____

                                       Gina K. Grippando<br>
                                       Clerk of the Board

Washington, D.C.